UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SiteLock, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Misc. Case No.: 3:21-mc-00042 |
| | § | |
| v. | § | Related Case No. 2:19-cv-02746-DWL |
| | § | U.S. District Court, District of Arizona |
| GoDaddy.com, LLC, | § | |
| | § | |
| Defendant. | § | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GODADDY.COM, LLC'S
EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA
DIRECTED TO PLAINTIFF SITELOCK, LLC'S EXPERT, RHONDA HARPER**

## I.   INTRODUCTION

Defendant GoDaddy.com, LLC ("GoDaddy") brings the instant expedited motion to compel Rhonda Harper ("Ms. Harper")—Plaintiff SiteLock, LLC's ("SiteLock") designated survey expert in the litigation entitled *SiteLock, LLC v. GoDaddy.com, LLC*, pending in the United States District Court for the District of Arizona (Case No. 2:19-cv-02746-DWL) (the "SiteLock Action")—to comply with GoDaddy's document subpoena.  SiteLock engaged Ms. Harper to conduct a likelihood of confusion survey to support SiteLock's trademark claim in the SiteLock Action, and Ms. Harper has refused to produce routine expert discovery, necessitating this motion. Specifically, GoDaddy is seeking documents concerning the facts or data Ms. Harper considered in forming her opinions in the SiteLock Action, including documents related to pre-tests, pilot tests, test surveys, or other surveys Ms. Harper conducted in connection with the SiteLock Action, drafts of the questions she utilized in her survey, how she selected participants for her survey, and any other testing she conducted, or data she generated, in the SiteLock Action.  Ms. Harper has refused to produce *any* documents in response to these requests, claiming that any responsive

documents constitute draft expert reports protected under Federal Rule of Civil Procedure 26(b)(4)(B).  Ms. Harper is wrong, as these requests all seek documents or data she considered in forming her opinions, and that bear directly upon the admissibility and reliability of her testimony.  GoDaddy respectfully requests that the Court enter an order compelling Ms. Harper to comply with the subpoena.

## II.    RELEVANT FACTUAL BACKGROUND

This motion arises out of a subpoena served upon Ms. Harper on April 2, 2021, in the SiteLock Action.  *See* Declaration of Nathan Dooley ("Dooley Decl.") ¶¶ 4-11.  In the SiteLock Action, SiteLock has asserted claims related to a November 4, 2013 Reseller Agreement between GoDaddy and SiteLock, which, in part, authorized GoDaddy to promote SiteLock's off-the-rack software products.  Dooley Decl. ¶ 2.  As relevant to this motion, one of SiteLock's claims is for trademark infringement under 15 U.S.C. § 1125(a)(1), and is based on the theory that a single help page on GoDaddy's website, titled "What is SiteLock," contained an errant hyperlink that, if clicked, directed visitors to a web page where GoDaddy advertised a website security product associated with a different brand.  Dooley Decl. ¶ 2, Ex. A at ¶¶ 10, 43, 75.

To prevail on this claim, SiteLock must prove a likelihood of confusion, and in an effort to manufacture evidence on this issue, SiteLock retained Ms. Harper as an expert witness to "design[], conduct[], and analyze[] an initial interest and point of sale likelihood of confusion survey."  Dooley Decl. ¶ 3, Ex. B at ¶ 16.  SiteLock disclosed Ms. Harper and her report on March 19, 2021.

On April 2, 2021, GoDaddy served Ms. Harper with a document subpoena concerning her work in the SiteLock Action.  Ms. Harper's counsel (SiteLock's counsel in the SiteLock Action) accepted service of the subpoena on Ms. Harper's behalf.  Dooley Decl. ¶ 5.  The time specified for compliance in the subpoena was April 16, 2021.  Dooley Decl. ¶ 4.  The location specified for

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

2

compliance was 1717 Main Street, Suite 3100, Dallas, Texas 75201, which is within 100 miles of Ms. Harper's Dallas, Texas address.  Dooley Decl. ¶ 6.  On April 15, 2021, Ms. Harper served responses and boilerplate objections to the subpoena.  Dooley Decl. ¶ 7.  Although Ms. Harper promised to produce documents in response to a number of requests, she did not produce *any* documents until April 30, 2021, more than two weeks after the deadline in the subpoena.  Dooley Decl. ¶ 10.

On April 21, 2021, GoDaddy served a meet and confer letter regarding the deficiencies with Ms. Harper's response to the subpoena.[1]  Dooley Decl. ¶ 8.  As relevant to this motion, GoDaddy sought to meet and confer with Ms. Harper concerning her refusal to produce (1) documents concerning the design of her survey (Request Nos. 27-28, 30-37), including documents concerning: (a) preview surveys, test surveys, soft launches, pre-tests, pilot tests, or other surveys Ms. Harper conducted in this action (Requests Nos. 34-37); (b) the survey's design and objectives, and drafts of the survey questions (Request Nos. 27-28, 33); and (c) how survey participants were selected, and what information was provided to them (Request Nos. 30-32); and (2) documents concerning "tests, surveys, calculations, or other work" Ms. Harper conducted in this action (Request Nos. 24-26).  Ms. Harper set forth identical boilerplate objections in response to each of these requests:

> Ms. Harper incorporates her general objections.  Ms. Harper further objects to this request on grounds that it imposes obligations beyond the expert disclosure obligations set forth in Federal Rule of Civil Procedure 26(a)(2)(B), and because it is not proportional to the needs of the case.  Ms. Harper's report already discloses her opinions and the bases and reasons for them, as well as her methodology.  Ms.

---

[1] In addition to the issues discussed herein, GoDaddy addressed Ms. Harper's failure to produce any documents in response to the subpoena, and Ms. Harper's claim that she would not produce any documents that were "subject to confidentiality agreements or restrictions."  Ms. Harper has started to produce some documents, and promised a further production is forthcoming. Additionally, during the parties' telephonic meet and confer call, Ms. Harper's counsel confirmed that Ms. Harper was not withholding any responsive documents on the basis of her confidentiality objection.  *See* Dooley Decl. ¶ 9, Ex. G at 10:5-10.

Harper further objects to this request on grounds that it impermissibly seeks draft expert reports and disclosures, which are protected from disclosure by Rule 26(b)(4)(B). Ms. Harper further objects to this request on grounds that it impermissibly seeks privileged communications with counsel, which are protected by Rule 26(b)(4)(C). Ms. Harper further objects to this request that it seeks documents that were "prepared in anticipation of litigation or for trial," which are protected by Rule 26(b)(3). Ms. Harper further objects to this request as overbroad, as seeks [sic] "all documents relating" to an issue, which does not reasonably limit the scope if the request. To the extent this request seeks any relevant and discoverable information, that request is not appropriately tailored, rendering this request inappropriate.

*See, e.g.*, Dooley Decl. ¶ 7, Ex. E at 19-29. The parties subsequently participated in a telephonic meet and confer on April 29, 2021. During that call, Ms. Harper's counsel clarified that her sole basis for objecting to these requests was her position that responsive documents constituted draft reports under Rule 26(b)(4)(B). *See* Dooley Decl. ¶ 9, Ex. G at 6:1-9:7, 11:25-13:4. However, Ms. Harper did not identify any authority to support her position.

Ms. Harper confirmed that the parties were at an impasse with respect to Request Nos. 24-28 and 30-37, and further stated that she would not consent to transfer this motion to the Court in the SiteLock Action pursuant to Federal Rule of Civil Procedure 45(f). This motion followed.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 45 "explicitly contemplates the use of subpoenas in relation to non-parties" to require the production of relevant documents. *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009). "As with any other forms of discovery, the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b)." *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 607 (W.D. Tex. 2019). Under Rule 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "'Relevance is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

4

may be relevant to the claim or defense of any party.'"  *Camoco*, 333 F.R.D. at 603 (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

The subpoena recipient must assert any objections to the subpoena within fourteen days of receiving it, or waive all objections.  "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection [to the subpoena] . . . .  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections."  *Isenberg*, 661 F. Supp. 2d at 629 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

"Once the person subpoenaed objects to the subpoena, however, the provisions of Rule 45(d) come into play."  *In re Subpoena to VaughnPerling*, No. 2:19-mc-00083-CAS(Ex), 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019).  At that point "'on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.'"  *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)).  *See also Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2014 WL 12526314, at *1 (D. Ariz. July 22, 2014) (same).

Pursuant to Rule 45(f), the Court may transfer this motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  However, "Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate."  *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016).[2]

---

[2] Ms. Harper did not consent to transfer this motion, and given the time sensitive nature of this motion (the deadlines to complete expert depositions, file dispositive motions, and file *Daubert*

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

5

## IV.   ARGUMENT

### A.   Ms. Harper Should Be Compelled To Produce Documents Concerning The Design, Administration, And Implementation Of Her Survey (Request Nos. 27-28, 30-37)

#### 1.   Survey Pre-Tests, Pilot Tests, Soft Launches, Other Surveys Conducted In This Action, Draft Survey Questions, And The Selection Of, And Information Provided To, Survey Respondents Constitute Facts Or Data Considered By Ms. Harper In Forming Her Opinions

Request Nos. 27-28 and 30-37 seek facts or data that Ms. Harper considered in forming her opinions in the SiteLock Action—including documents related to pre-tests, test surveys, soft launches, pilot tests, draft survey questions, other surveys conducted by Ms. Harper in the action, the objectives of Ms. Harper's survey, the selection of survey participants, and the information provided to survey participants. This routine expert discovery should not require motion practice, as the documents sought by these requests are discoverable under Rule 26, and necessary to test the reliability and relevance of Ms. Harper's methodology and opinions.

Fed. R. Civ. P. 26(a)(2)(B)(2) requires the disclosure of all "facts or data *considered* by the [expert] in forming" the expert's opinions. (emphasis supplied). "Courts have read the term 'considered' to include information that an expert reviews or generates, 'regardless of whether the experts actually rely on those materials as a basis for their opinions.'" *Apple Inc. v. Amazon.com, Inc.*, No. 11-1327 PJH (JSC), 2013 WL 1320760, at *1 (N.D. Cal. Apr. 1, 2013) (quoting *S.E.C. v. Reyes*, No. C 06-04435 CRB, 2007 WL 963422, at *1 (N.D. Cal. Mar. 30, 2007)).

The documents sought by Request Nos. 27-28 and 30-37, including documents pertaining to pre-tests, test surveys, preview surveys, soft launches, pilot tests, and draft survey questions,

---

motions in the SiteLock Action are in the next six weeks), and GoDaddy's confidence that the Court is more than capable of addressing SiteLock's expert's refusal to produce facts or data she considered in forming her opinions, GoDaddy has not moved for a transfer of venue. GoDaddy would consent to such a transfer if the Court deems it appropriate.

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

6

constitute "facts or data" that Ms. Harper considered in forming her opinions in this action.  *See, e.g., Wi-Lan USA, Inc. v. Apple, Inc.*, No. 13CV798-DMS (BLM), 2014 WL 12160741, at \*2 (S.D. Cal. July 7, 2014) (granting a motion to compel the production of documents relating to "pre-test or pilot-test interviews" for an expert's surveys, and finding that "the materials were 'considered' by [the expert] in drafting his report"); *Robocast, Inc. v. Apple, Inc.*, No. 11-235 (RGA), No. 10-1055 (RGA), 2013 WL 12155813, at \*2 (D. Del. Sept. 18, 2013).  The *Robocast* court cogently explained the relevance of such materials, in granting a motion to compel their production:

> An initial survey based on a set of questions and a certain sample size may, consequently, have to be fine-tuned by adjustments in the number and type of questions and/or the number and/or types of individuals interviewed in order to promote both validity and reliability.  When that occurs, although the statistician may eventually ignore or forget what happened with the initial survey, he has by definition relied upon the first survey to formulate the subsequent survey; the former is effectively a stepping stone.  And, he has inevitably relied upon not just the questions, but the results as well.  That is, the expert is informed by what answers the questions provoke as by any perception that sample size may be insufficient or that the questions themselves must be altered in some respect.

*Robocast, Inc.*, 2013 WL 12155813, at \*2.  As in *Robocast*, the requests at issue here seek facts or data that Ms. Harper considered in forming her opinions, including documents related to other surveys Ms. Harper conducted in this action, such as pre-tests, pilot tests, or test surveys, and drafts of the questions Ms. Harper ultimately used in the survey described in her report.  If, for example, Ms. Harper altered or revised the survey questions she used, GoDaddy is entitled to know how the questions were modified, and the reasons for those changes.  If Ms. Harper conducted any pre-tests, pilot tests, test surveys, or other surveys in this action, GoDaddy is entitled to know Ms. Harper's reasons for conducting those surveys, the results of those surveys, and why she failed to discuss those surveys in her report.  *See* Fed. R. Civ. P. 26, Advisory Committee's Note Advisory Committee's Note (2010 Amendments) ("Rules 26(b)(4)(B) and (C) do not impede discovery

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

7

about the opinions to be offered by the expert or the development, foundation, or basis of those opinions.  For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule.").

Ms. Harper does not dispute that a proper survey methodology requires that the survey questions be "clear and not leading."  Dooley Decl. ¶ 3, Ex. B at ¶ 23.  Similarly, Ms. Harper agrees that a proper survey methodology requires that the survey "population" be "properly chosen and defined."  *Id.*  The document requests at issue seek information concerning the factors that Ms. Harper admits bear upon the reliability of her methodology and opinions.  Regardless, there can be no reasonable dispute that documents responsive to Request Nos. 27-28 and 30-37 constitute "facts or data" that Ms. Harper considered in forming her opinions in this action, and must be disclosed.  *See* Fed. R. Civ. P. 26(a)(2)(B); *Apple Inc.*, 2013 WL 1320760, at *1.  Ms. Harper should be compelled to produce documents responsive to these requests.

> **2.     The Requests At Issue Seek Documents That Are Necessary For The Court In The SiteLock Action To Perform Its Gatekeeping Function Under *Daubert***

The design of Ms. Harper's survey—including any revisions through pre-tests, pilot tests, and modifications to the survey questions—also bears directly on the admissibility and reliability of her testimony.  In the Ninth Circuit, which will control the applicable standard for a *Daubert* motion concerning Ms. Harper's testimony:

> Treatment of surveys is a two-step process.  First, is the survey admissible?  That is, is there a proper foundation for admissibility, and is it relevant and conducted according to accepted principles? . . . Once the survey is admitted, however, follow-on issues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility.

*Click Billiards Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001).  As discussed above in Section IV.A.1., pre-tests are a critical step in ensuring that survey questions are clear and

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

8

understandable.  *See also, e.g., MacDougall v. Am. Honda Motor Co., Inc.*, No. SACV 17-1079, 2020 WL 5583534, at \*7 (C.D. Cal. Sept. 11, 2020) (noting that pretests are used "to ensure that questions on the final survey are not confusing, misleading, and accurately measure respondent preferences").  Multiple courts have cited flawed pre-tests as a basis for excluding a deficient survey expert.  *See id.* at \*7 (expert's "failure to conduct a meaningful pretest survey casts doubt on the reliability of his survey responses."); *In re: Autozone, Inc.*, No. 3:10-MD-02159-CRB, 2016 WL 4208200, at \*18 (N.D. Cal. Aug. 10, 2016) (excluding expert for failure to "account for the possibility of nonresponse bias," in part due to "inadequate" pre-test), *aff'd sub nom. In re AutoZone, Inc., Wage & Hour Emp. Practices Litig.*, 789 F. App'x 9 (9th Cir. 2019).

Whether Ms. Harper conducted any pre-tests or pilot tests, the results of any such tests, and the modifications she made to the final survey as a result of such tests, bear directly upon the admissibility of her testimony.  Even if the Court in the SiteLock Action ultimately concludes that the flaws in Ms. Harper's methodology go to the weight, rather than the admissibility, of her opinions, the documents sought by Request Nos. 27-28 and 30-37 directly concern the credibility of Ms. Harper's methodology and opinions.  As a result, she should be compelled to respond to these requests.

### 3.  Ms. Harper's Objections Lack Merit

Ms. Harper's identical boilerplate objections to these requests, as set forth above in Section II, provide no basis for Ms. Harper to evade routine expert discovery.  "The prohibition against general or blanket objections to discovery requests has long been established."  *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014).  As the Court in *Heller* went on to explain:

> General objections such as the ones asserted by Defendant are meaningless and constitute a waste of time for opposing counsel and the court.  In the face of such objections, it is impossible to know whether information has been withheld and, if so, why.  This is particularly true in cases like this where multiple 'general

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

9

> objections' are incorporated into many of the responses with no attempt to show
> the application of each objection to the particular request.

*Id.* (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25,

2011)). "So-called boilerplate or unsupported objections—even when asserted in response to a

specific discovery request . . . are likewise improper and ineffective and may rise (or fall) to the

level of what the Fifth Circuit has described as 'an all-too-common example of the sort of 'Rambo

tactics' that have brought disrepute upon attorneys and the legal system.'" *Id.* (quoting *McLeod,

Alexander, Powel & Apffel, P,C. v. Quarles*, 894 F.2d 1482, 1484-1486 (5th Cir. 1990)). The

identical, rote objections Ms. Harper served in response to these requests are quintessential

boilerplate objections, as Ms. Harper made no effort to explain them or apply them to specific

requests, and she failed to identify what, if any, documents she was withholding in response to

these requests. *See generally*, Dooley Decl. ¶ 7, Ex. E. Ms. Harper apparently recognized the

deficiencies with these objections, as she abandoned them in the meet and confer process, with the

exception of her objection concerning draft expert reports. *See* Dooley Decl. ¶ 9, Ex. G at 11:25-

13:5

      However, documents related to surveys Ms. Harper conducted in this action, including pre-

tests, pilot tests, draft survey questions, the selection of survey participants, and the information

provided to survey participants, are not draft reports protected under Rule 26(b)(4)(B). The work

product protections set forth in "Rule 26(b)(3)(A) and (B) protect drafts of any report or disclosure

required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ.

P. 26(b)(4)(B). This language was added to Rule 26 in 2010, and "[a]t its core, the 2010

amendments to Rule 26 were meant to protect *attorney* opinion work product." *Whole Women's

Health v. Lakey*, 301 F.R.D. 266, 270 (W.D. Tex. 2014) (citing *Republic of Ecuador v. Mackay*,

742 F.3d 860, 870 (9th Cir. 2014)) (emphasis in original). "Indeed, the Advisory Committee Notes

contain numerous statements that (1) encourage broad discovery into the opinions held by a testifying expert and (2) limit the protection to the opinion work-product of *attorneys*."   *Id.* (emphasis in original).

Consistent with the goal of allowing broad discovery into the bases for an expert's opinions without imposing on attorney work product, courts have routinely held that documents pertaining to pre-tests, test surveys, preview surveys, soft launches, pilot tests, and draft survey questions are not draft reports protected from disclosure under Rule 26(b)(4)(B).  *See, e.g., Lucent Tech. Inc. v. Microsoft Corp.*, No. 07-CV-2000 H (CAB), 2010 WL 11442894, at *3 (S.D. Cal. Dec. 16, 2010) ("[A] survey does not qualify as . . . a draft of a report that is covered under amended Rule 26(b)(4)."); *ConsumerInfo.com, Inc. v. One Techs. LP*, No. CV 09-3783-VBF(MANx), 2010 WL 11507581, at *9 (C.D. Cal. May 4, 2010) ("The Court further finds that surveys by testifying experts are not protected by the work product doctrine and orders such surveys to be produced."). Neither Ms. Harper nor SiteLock has identified a case in which a court reached a contrary result, much less any authority that would support Ms. Harper's blanket objection to these requests.  Even if Ms. Harper were correct, she would still need to respond to these requests, as "Rule 26(a)(2)(B), which requires disclosures of a testifying expert's report and 'the facts or data considered' by the expert in forming his opinions, 'trumps' all claims of privilege." *Innovative Sonic Ltd. v. Research in Motion, Ltd.*, No. 3:11-CV-0706-K, 2013 WL 775349, at *2 (N.D. Tex. Mar. 1, 2013).  Ms. Harper should be ordered to produce documents responsive to Request Nos. 27-28 and 30-37.

### B.   Ms. Harper's Tests, Test Protocols, Surveys, Underlying Data, and Calculations Constitute Facts Or Data She Considered In Forming Her Opinions

Request Nos. 24-26 seek documents related to tests, test protocols, surveys, calculations, and other work Ms. Harper performed in this action, including the raw data from such tests or surveys, and Ms. Harper's analyses of such data.  Ms. Harper responded with the same boilerplate

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

11

objections discussed above in Sections II and IV.A.3., and then conceded that she was only objecting to producing draft expert reports.  *See* Dooley Decl. ¶ 7, Ex. E at 20-22; Dooley Decl. ¶ 9, Ex. G at 11:25-13:5.  Ms. Harper's objections fail for the reasons discussed above.  Ms. Harper's refusal to produce documents concerning tests or surveys she conducted in this action, or the raw data from any such testing, is also telling, as it shows that those documents do not support her flawed, unreliable opinions.

Whatever Ms. Harper's reasons for objecting to these straightforward requests, Ms. Harper's tests and data are discoverable.  As noted above, Fed. R. Civ. P. 26(a)(2)(B)(2) requires the disclosure of all "facts or data considered by the [expert] in forming" the expert's opinions.  "Considered" includes information an expert "reviews or generates, 'regardless of whether the experts actually rely on those materials as a basis for their opinions.'"  *Apple Inc.*, 2013 WL 1320760, at \*1 (quoting *Reyes*, 2007 WL 963422, at \*1).  Moreover, "the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery" under Rule 26(a)(2)(B).  Fed. R. Civ. P. 26, Advisory Committee's Note (2010 Amendments).  That includes "raw data generated during testing," as it "a means of providing the basis of [an expert's] opinion."  *Salazar v. Ryan*, No. CV-96-00085-TUC-FRZ, 2017 WL 22633522, at \*3 (D. Ariz. June 19, 2017).

Ms. Harper's tests, test protocols, data, and related documents are not draft expert reports protected under Rule 26(b)(4)(B).  *See Mackay*, 742 F.3d at 870 ("Rule 26(b)(4)'s protections for draft reports and attorney-expert communications 'do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions.'") (quoting Fed. R. Civ. P. 26, Advisory Committee's Note (2010 Amendments)).  *See also Lundquist v. First Nat'l Ins. Co. of America*, No. 18-5301 RJB, 2020 WL 2041748, at \*3-4 (W.D. Wash. Apr. 28,

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

12

2020) (granting motion to compel production of raw data, spreadsheets, calculations and other documents related to expert damage calculation). If Ms. Harper were correct, a party could never obtain discovery concerning the testing an expert conducted, and the data obtained from such testing, leaving an expert free to disclose only their most favorable, flawed results in a report. The Federal Rules do not sanction such gamesmanship, and Ms. Harper should be ordered to produce documents responsive to Request Nos. 24-26.

## V.    CONCLUSION

WHEREFORE, GoDaddy respectfully requests that this Court issue an order compelling Ms. Harper to produce documents responsive to the requests in the subpoena within five (5) days of the resolution of this motion.

Dated:  May 7, 2021                                 **COZEN O'CONNOR**

_s/Andrew T. Hepworth_
   Andrew T. Hepworth
   Texas State Bar No. 24080940
   1717 Main Street, Suite 3100
   Dallas, TX 75201
   Email:  ahepworth@cozen.com
   Tel:  (214) 462-3041
   Fax:  (214) 462-3299

   _Attorneys for Defendant_
   _GODADDY.COM, LLC_

MEMORANDUM OF LAW IN SUPPORT OF GODADDY.COM, LLC'S EXPEDITED MOTION TO COMPEL RESPONSE
TO RULE 45 SUBPOENA DIRECTED TO SITELOCK, LLC'S EXPERT, RHONDA HARPER

13

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Texas that I that I served the foregoing document via electronic mail on May 7, 2021 and due to COVID-19 restrictions via overnight mail on May 7, 2021, to the following:

Thomas A. Gilson
Beus Gilbert PLLC
701 N. 44th Street
Phoenix, Arizona 85008
(480) 429-3000
tgilson@beusgilbert.com

Counsel for Plaintiff
and Rhonda Harper

Kevin B. Huff
Thomas G. Schultz
Leslie V. Pope
Catherine Redlingshafer
Kellogg, Hansen, et al.
1615 M Street, N.W. Suite 400
Washington, DC 20036
(202) 326-7900
khuff@kellogghansen.com
tschultz@kellogghansen.com
lpope@kellogghansen.com
credlingshafer@kellogghansen.com

SIGNED AND DATED this 7th day of May, 2021 at Dallas, Texas.

COZEN O'CONNOR

*s/Andrew T. Hepworth*
Andrew T. Hepworth