UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SITELOCK, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-mc-00042-X |
| | § | |
| GODADDY.COM, LLC, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

GoDaddy.com, LLC ("GoDaddy") objects [Doc. No. 15] to the magistrate judge's denial of its motion to compel [Doc. No. 14]. For the foregoing reasons, the Court **OVERRULES** GoDaddy's objections.

### I. Factual Background

SiteLock, LLC ("SiteLock") sued GoDaddy in Arizona, alleging that GoDaddy coopted SiteLock's trademark to direct consumers to SiteLock's competitor. Because consumer surveys haunt trademark suits, SiteLock retained an expert, Rhonda Harper, who conducted two relevant surveys. First, she sent a "pilot survey" consisting of twenty questions to "between 50 and a hundred" people to determine "their understanding of the survey itself."[1] Second, based on the results of the pilot survey, Harper made some modifications, creating a seventeen-question survey that she sent to a broader group. Harper ultimately based her report on that second survey.

---

[1] Doc. No. 15-3 at 460.

1

After Harper declined to produce the pilot survey, GoDaddy moved to compel Harper to "produce the Pilot Survey, any associated data, and any documents concerning draft surveys."[2] Magistrate Judge Renee Toliver denied that motion after reviewing various documents relating to the pilot survey *in camera* and concluding that the pilot survey constituted a "draft survey[]" that was protected from disclosure under Federal Rule of Civil Procedure 26(b)(4)(B).

GoDaddy now objects.

## II. Legal Standard

This Court can overrule a magistrate judge's non-dispositive order only if that order is "clearly erroneous or . . . contrary to law."[3] In other words, this Court reviews the magistrate judge's legal conclusions *de novo* and its factual findings for clear error.[4] GoDaddy contends that its objections "concern a legal determination— whether a pilot survey by a testifying expert constitutes a draft expert report or disclosure under Fed. R. Civ. P. 26(b)(4)(B)."[5] But that's wrong. The determination of whether a particular piece of evidence "falls within the ambit of Rule 26(b)(4)(B) as a 'draft report[]' is highly fact-specific."[6] Thus, this Court reviews the magistrate

---

[2] Doc. No. 15 at 9.

[3] FED. R. CIV. PROC. 72(a).

[4] *Stanissis v. Dyncorp Intern. LLC*, No. 3:14-CV-2736-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23, 2015) (Fitzwater, J.).

[5] Doc. No. 17 at 9.

[6] *In re Nat'l Hockey League Players' Concussion Injury Litig.*, No. MDL142551SRNJSM, 2017 WL 684444, at *1 (D. Minn. Feb. 21, 2017); *accord Pipeline Prods., Inc. v. Madison Cos., LLC*, No. 15-4890-KHV-ADM, 2019 WL 3973955, at *9 (D. Kan. Aug. 22, 2019) ("Determining whether a document constitutes a 'draft' for purposes of Rule 26(b)(4)(B) protection is a fact-specific inquiry."); *Salazar v. Ryan*, No. CV-96-00085-TUC-FRZ, 2017 WL 2633522, at *2 (D. Ariz. June 19, 2017) ("[C]ourts

judge's factual finding that the requested documents constitute a "draft survey[]" for clear error.  Clear error is present only if this Court is "left with the definite and firm conviction that a mistake has been committed."[7]

### III.  Analysis

Under the work-product protection, a party may not "discover documents . . . prepared in anticipation of litigation."[8]  Although an expert witness must normally disclose the "facts or data [she] considered" in forming her opinion,[9] Federal Rule of Civil Procedure 26(b)(4)(B) extends the work-product protection to "drafts of any [expert's] report or disclosure . . . regardless of the form in which the draft is recorded."[10]  The question here is whether Harper's pilot survey constitutes a *draft of a report or disclosure* or instead *facts or data* considered in forming her opinion.

Federal Rule of Civil Procedure 26 does not define "draft," so this Court will apply the term's ordinary meaning.  As other courts have found in reviewing Rule 26(b)(4)(B), "[a] draft is '[a] preliminary sketch or rough form of a writing or document, from which the final . . . copy is made.'"[11]  To determine whether a document is a "preliminary" form of a pertinent document, some courts have

---

attempting to determine if material is protected as a draft report have applied a fact-dependent inquiry.").

[7] *Stanissis*, 2015 WL 5603722, at *1 (cleaned up).

[8] FED. R. CIV. PROC. 26(b)(3)(A).

[9] FED. R. CIV. PROC. 26(a)(2)(B)(ii).

[10] FED. R. CIV. PROC. 26(b)(4)(B).

[11] *Deangelis v. Corzine*, No. 1:11-CV-07866-VM-JCF, 2016 WL 93862, at *4 (S.D.N.Y. Jan. 7, 2016) (quoting *Draft*, OXFORD ENGLISH DICTIONARY (2d ed. 1989), and citing *Draft*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED (2016)).

examined whether "the expert anticipated that the document would form a part of the report she was drafting."[12] Other courts require the draft to be an earlier version of a "report ultimately submitted in the litigation."[13] And because Rule 26(b)(4)(B) applies broadly to any "form in which the draft is recorded,"[14] courts in this circuit have concluded that "spreadsheets, graphs, presentations, and charts are protected under Rule 26(b)(4)(B), so long as the documents were prepared by the testifying expert to be included in draft expert reports."[15]

Here, as GoDaddy concedes, "Harper launched the Pilot Survey intending for it to be her final survey."[16] And it's undisputed that Harper made her final survey by modifying the pilot survey.[17] Because Harper prepared the pilot survey for use in her ultimate report and derived the final survey from the pilot survey, it is—at least arguably—a draft disclosure per Rule 26(b)(4)(B). Accordingly, this Court is not left with a definite and firm conviction that the magistrate judge erred.

GoDaddy objects, contending that the "purpose" of Rule 26(b)(4)(B)'s pertinent language is to shield attorney work product—not survey drafts.[18] And it's true that

---

[12] *Nat'l Hockey*, 2017 WL 684444, at *2; *accord Deangelis*, 2016 WL 93862, at *4 (asking whether the expert "anticipated that those documents would form a part of the report he was drafting").

[13] *Nat'l Hockey*, 2017 WL 684444, at *2.

[14] FED. R. CIV. PROC. 26(b)(4)(B).

[15] *Emerald Land Corp. v. Trimont Energy (B L) L.L.C.*, No. 6:17-CV-01655, 2021 WL 2043415, at *7 (W.D. La. May 21, 2021) (cleaned up).

[16] Doc. No. 15 at 6.

[17] GoDaddy invites this Court to conduct its own *in camera* review. Doc. No. 15 at 18. Because GoDaddy itself concedes the relevant facts, this Court concludes that no *in camera* review is necessary.

[18] Doc. No. 15 at 13 (cleaned up).

Rule 26(b)(4)(B) "protects drafts because the drafting process ordinarily entails communications between the expert and counsel."[19] But whatever its *purpose* may be, Rule 26(b)(4)(B)'s *text* does not confine itself to drafts containing identifiable attorney edits—it provides blanket protection of drafts.

GoDaddy also cites the Advisory Committee Notes to Rule 26, which say that "the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by [Rule 26(b)(4)(B)]."[20] But GoDaddy doesn't seek to ask Harper about testing notes; it seeks to compel Harper to produce a draft of a survey.

Finally, GoDaddy cites one court's conclusion that a survey "does not qualify as a draft of a report."[21] But that case didn't grapple with a *draft* survey—it dealt with a *final* survey.[22]

## IV.  Conclusion

The Court **OVERRULES** GoDaddy's objections.

**IT IS SO ORDERED** this 31st day of October, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[19] *Deangelis*, 2016 WL 93862, at *3 (cleaned up).

[20] FED. R. CIV. PROC. 26 (Advisory Committee Note, 2010 Amendments).

[21] *Lucent Techs. Inc. v. Microsoft Corp.*, No. 07-CV-2000 H (CAB), 2010 WL 11442894, at *3 (S.D. Cal. Dec. 16, 2010).

[22] *Id.*